FILED

**NOT FOR PUBLICATION**

MAY 27 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAR JAMES EVANS, | No. 09-17838 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-02768-JW |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Submitted January 27, 2011[**]

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Jamar James Evans appeals pro se the district court's affirmance of a final

agency decision denying his applications for social security disability insurance

benefits and supplemental security income. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err by rejecting Evans' contentions that the administrative law judge (ALJ) failed to develop the record, improperly discounted credible testimony, misapplied the vocational expert's opinion, and failed to consider the entire record. The ALJ was not required to supplement the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (noting obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). The ALJ here gave "specific, clear and convincing" reasons to discount Evans' credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (internal quotation marks omitted) (noting claimant's testimony can be rejected for specific, clear and convincing reasons). The ALJ did not err by relying on the opinion of a vocational expert. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting vocational expert opinion evidence is reliable if the hypothetical question "set[s] out *all* of the limitations and restrictions of the particular claimant" (internal quotation marks omitted)). Finally, the ALJ properly considered all relevant evidence before concluding that Evans was not disabled. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (noting an ALJ need not discuss "evidence that is neither significant nor probative").

To the extent Evans challenges the ALJ's finding of non-disability, we conclude that substantial evidence supports that finding. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (noting standard of appellate review). The ALJ utilized a sequential evaluation process to determine whether Evans was disabled. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199 n.3 (9th Cir. 2008) (describing five-step sequential process). At step one, the ALJ determined that Evans was not currently engaged in "substantial gainful activity." At step two, the ALJ determined that Evans suffers from severe impairments, but, at step three, that these impairments are not of the type and severity that would automatically direct a finding of disability. At step four, the ALJ, with the aid of a vocational expert, determined Evans is able to return to a former occupation and is thus not disabled.

In reaching these determinations, the ALJ reviewed medical and psychiatric reports from treating physicians, a consultative psychiatrist, and a non-examining state agency physician. These reports indicate that Evans suffers from impairments that have been adequately treated, retains the functional ability to perform simple and repetitive tasks, and has only moderate limitations on his understanding, memory, concentration, persistence, social interaction, and adaptability. For the reasons stated above, the ALJ was entitled to discredit Evans' subjective claims of

disability and to rely on the opinion of the vocational expert in determining that Evans could return to a former occupation.

**AFFIRMED**.